UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | : | |
| | : | Case: 1:15-cr-00060 |
| | | Assigned To : Boasberg, James E. |
| v. | : | Assign. Date : 5/8/2015 |
| | | Description: INFORMATION (A) |
| | : | Case Related to: 14-cr-241(JEB) |
| **RUSSELL FERGUSON,** | : | |
| | : | |
| **Defendant.** | : | |

## GOVERNMENT'S MOTION TO SEAL THE CRIMINAL INFORMATION AND OTHER PLEADINGS, RECORDS, AND FILES AND TO DELAY ENTRY ON THE PUBLIC DOCKET OF THE FILING OF THIS MOTION TO SEAL

The United States, by and through its attorney, the United States Attorney for the District of Columbia, hereby respectfully submits this motion to seal the accompanying Criminal Information, as well as all other pleadings, including the instant motion to seal and proposed Order, and to delay entry on the public docket of this motion to seal and all related matters. In support of this motion, the government states as follows:

The defendant in this case has agreed to enter a plea of guilty to a Criminal Information charging Unlawful Maintenance of a Premises to Manufacture, Distribute, Store and Use a Controlled Substance, in violation of 21 U.S.C. § 856(a)(2) and Using, Carrying, and Possessing a Firearm During a Drug Trafficking Offense, in violation of 18 U.S.C. § 924(c)(1). A copy of the Criminal Information and related documents, including the plea agreement, are being provided to the Court under separate cover.

The sealing is necessary because the attached Information and related pleadings contain sensitive information, the disclosure of which would not be in the interest of the defendant, the government, or the public.

As part of his plea agreement, the defendant has agreed to cooperate with the government in the investigation and prosecution of others. This cooperation may lead to criminal charges being filed against various individuals for felony narcotics trafficking offenses. Accordingly, it is essential that any information concerning this defendant having a pending case in this district, in which he is cooperating, as well as the fact of his pleading guilty, be kept sealed for the time being.

Based on the nature of the government's ongoing criminal investigation being conducted by the Metropolitan Police Department, the government submits that public disclosure of the defendant's cooperation would likely compromise this ongoing criminal investigation by (1) placing the personal safety of the cooperating defendant, cooperating witnesses, undercover agents, other law enforcement officials, and innocent third parties at substantial risk; (2) alerting potential targets of the investigation, thereby causing the cooperating defendant to be reluctant to continue his cooperation; (3) causing prospective witnesses, including the cooperating defendant, to be deterred from testifying or to be less likely to provide truthful testimony to the grand jury; and (4) causing potential witnesses and targets to destroy documents and other evidence. Each of these factors is particularly important in this instance because violent reprisals are common to major narcotics violators in general and the defendant's former associates in particular.

It is common practice for individuals associated with drug organizations to check the public record in the Criminal Clerk's office to ascertain whether the government has filed any pleadings under seal in cases against former associates. It is common knowledge to criminal

organizations operating in this city that the docketing of a motion to seal a plea agreement or the filing of sealed pleadings in a criminal case signals the fact that the charged defendant has agreed to cooperate with law enforcement. Consequently, public notice of the sealed pleadings is likely to compromise any ongoing or future investigation and present a substantial risk to the personal safety of cooperating individuals, undercover agents, other law enforcement officials taking part in the covert investigation, and, in some cases, innocent bystanders.

Accordingly, the government submits that these facts present an extraordinary situation and a compelling governmental interest which justify the sealing of the Criminal Information and all other pleadings and records in this case until (1) the substantial risk to the personal safety of cooperating individuals no longer exists; and (2) the government represents that it can continue its criminal investigation without substantial risk that it would be jeopardized due to the public docketing of the fact that sealed pleadings have been filed in this case. *See Washington Post v. Robinson*, 935 F.2d 282, 289 (D.C. Cir. 1991).[1]

WHEREFORE, it is respectfully requested that this motion be granted.

Respectfully submitted,

VINCENT COHEN
Acting United States Attorney

By: /s/ Nihar Mohanty
NIHAR R. MOHANTY
Assistant United States Attorney
D.C. Bar No. 436-686
Violent Crime and Narcotics Trafficking Section
555 4th Street, NW, 4th Floor
Washington, DC 20530
(202) 252-7700
Nihar.Mohanty@usdoj.gov

---

[1] A proposed Order accompanies this motion.

3